Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4270 | **DATE** | 3/16/2011 |
| **CASE TITLE** | SHEEHAN vs. CITY OF MARKHAM, ET AL | | |

**DOCKET ENTRY TEXT**

For these reasons, the Court grants in part and denies in part Defendants' Motion to Dismiss [15]. The Court dismisses without prejudice Count I; Counts II and III remain.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff Philip Sheehan ("Sheehan") filed suit against Defendants City of Markham, Tony DeBois ("DeBois"), David Webb, Jr. ("Webb"), and Pascal Crawford ("Crawford") (collectively "Defendants") alleging Title VII race discrimination (Count I) and Section 1983 equal protection violations (Counts II and III). Defendants move to dismiss Counts I, II, and III of Sheehan's Complaint. For the following reasons, the Court grants in part and denies in part Defendant's Motion to Dismiss.

At this initial stage, the Court takes the allegations asserted in the Complaint as true. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). From August 7, 2006 until his termination on October 6, 2008, Sheehan, a Caucasian male, worked as a police officer for the City of Markham. (Compl. ¶ 4.) Within the police department, Sheehan worked as a patrol officer and member of the South Suburban Emergency Response Team ("SSERT"), an intergovernmental SWAT team. (*Id.* ¶ 10.) On July 9, 2008, DeBois, an African-American police officer in the internal affairs division of the police department, recommended to Crawford, the African-American Chief of Police, to place Sheehan on administrative leave. (*Id.* ¶ 13.) DeBois also recommended that Crawford relieve Sheehan of his police powers, including the ability to carry a gun and participate on SSERT. (*Id.*) A short time later, Police Chief Crawford, with Mayor Webb's approval, assigned Sheehan to desk duty. (*Id.* ¶ 14.) In this new position Sheehan received civilian complaints about criminal activity and conducted janitorial tasks. (*Id.* ¶ 16.)

Sheehan claims that Defendants fabricated reasons to fire him. First, around July 15, 2008, for apparently no reason, Defendants reviewed Sheehan's personnel file and concluded that his background check was incomplete, even though there was nothing in the file to support this conclusion. (*Id.* ¶ 19.) DeBois told Crawford to fire Sheehan, but nothing ever materialized. (*Id.* ¶ 21.) Second, Defendants allegedly solicited three Markham citizens to lodge false complaints of police brutality against Sheehan. (*Id.*

¶ 23.) This occurred in July 2008, about a week after Sheehan was placed on administrative leave. (*Id.* ¶ 23.) In the next few months, Sheehan received numerous racially-charged comments. (*Id.* ¶¶ 28-31.) On October 6, 2008, the Markham Police Department fired Sheehan. (*Id.* ¶ 35.)

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all allegations in the Complaint and makes all reasonable inferences in favor of the nonmoving party, Sheehan. *Murphy*, 51 F.3d at 717. Plaintiff sufficiently states a claim if there are enough facts to show that the "claim to relief [] is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendants move to dismiss Count I because Sheehan has not pled facts showing he exhausted administrative remedies or received the right-to-sue letter, as Title VII requires. There are two prerequisites to bringing a Title VII case: (1) filing a timely charge with the EEOC; and (2) receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(b), (e), and (f); *Zugay v. Progressive Care, S.C.*, 180 F.3d 901, 902 (7th Cir. 1999). Sheehan's Complaint states that the "EEOC charge is pending" and that "[u]pon receipt of a determination or notice of right to sue from the EEOC, Plaintiff will amend his Complaint." (Compl. ¶¶ 40, 41.) By his own admission, Sheehan had not received the EEOC right-to-sue letter when he filed the Complaint, and his response brief entirely fails to address this issue. The Court therefore grants Defendants' Motion to Dismiss as to Count I.

Moreover, Defendants move to dismiss Counts II and III as being barred by the statute of limitations. In Section 1983 claims such as these, the Court applies the two-year statute of limitations period for personal injury claims in Illinois, the state where the alleged constitutional violation occurred. *Savory v. Lions*, 469 F.3d 667, 672 (7th Cir. 2006). Because complaints "typically do no address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). In other words, in order to dismiss the complaint based on statute of limitations, "the relevant dates [must be] set forth unambiguously in the complaint." *Id.* Even though Sheehan need not anticipate potential affirmative defenses in his Complaint, he can "plead himself out of court" by pleading facts that "*affirmatively* show that his suit is time-barred." *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003) (emphasis added). Defendants contend that since Sheehan filed suit on July 9, 2010, he cannot recover for any claims before July 9, 2008. The alleged discriminatory acts in this case took place in July 2008 and Sheehan was not fired until October 2008. Under the discovery rule, the statute of limitations begins running on the date that Sheehan "knew or should have known that his constitutional rights had been violated." *Hileman v. Maze*, 367 F.3d 694, 696, 672 (7th Cir. 2004); *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). This critical date is absent from the Complaint so the Court cannot make the statute of limitations calculation based on the dates set forth in the Complaint. Thus, the Court denies Defendants' Motion to Dismiss Counts II and III under this theory.

In the alternative, Defendants maintain the Counts II and III, both alleging *Monell* violations, fail because Sheehan offers inadequate factual support to establish that Webb and DeBois are policymakers. For *Monell* liability, an official custom or policy must be the "moving force" behind the constitutional violation. *City of Canon, Ohio v. Harris*, 489 U.S. 378, 389 (1989). An "official policy" is established by showing that a person with "final decisionmaking authority" caused the constitutional violation. *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007). Here, Sheehan provides a plausible basis upon which to conclude that Webb, the Mayor of Markham, acted in concert with DeBois and Crawford to violate his rights. Sheehan alleges that Markham had the policy of eliminating Caucasian officers from the police department, and his demotion to administration leave and eventual termination were the result of this policy. The Court therefore denies Defendants' Motion to Dismiss Counts II and III as being factually deficient.

| **STATEMENT** |
|---|
|  |