**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PHILIP SHEEHAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 4270 |
| | ) | |
| v. | ) | Judge Kendall |
| | ) | |
| CITY OF MARKHAM, TONY DeBOIS, | ) | Magistrate Judge Cole |
| Police Officer of the City of Markham, in | ) | |
| individual capacity, DAVID WEBB, JR., | ) | |
| Mayor of the City of Markham, in his | ) | |
| individual capacity, and PASCAL | ) | |
| CRAWFORD, former Chief of Police of | ) | |
| the City of Markham, in his individual | ) | |
| capacity, | ) | |
| Defendants.. | ) | |

**MEMORANDUM OPINION AND ORDER**

While discovery may be the bane of modern litigation, *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir.2000)(Posner, J.); Frank Easterbrook, *Discovery as Abuse,* 69 B.U.L.Rev. 635 (1989), lawyers have an obligation to participate fully, fairly, and cooperatively in that often needlessly contentious endeavor. *See* Rule 37, Federal Rules of Civil Procedure; *Harrington v. City of Chicago,* 433 F.3d 542 (7th Cir.2006); *Zenith Electronics Corp. v. WH-TV Broadcasting Corp.,* 395 F.3d 416 (7th Cir.2005); *Johnson v. J.B. Hunt Transport, Inc.,* 280 F.3d 1125, 1132 (7th Cir. 2002); *Newman v. Metropolitan Pier & Exposition Authority,* 962 F.2d 589 (7th Cir. 1992); *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976); *Stingley v. City of Chicago*, 2009 WL 3681984, 2 (N.D.Ill.2009) (collecting cases). *See also Littlejohn v. Bic Corp.*, 851 F.2d 673, 684 (3rd Cir. 1988)("Scrupulous compliance with court discovery orders is particularly important because our system of discovery relies on the cooperation and integrity of attorneys operating within the guidelines provided by the Federal Rules of Civil Procedure and the

provisions of any protective order."); *Sentis Group, Inc., Coral Group, Inc. v. Shell Oil Co*, 559 F.3d 888, 891 (8th Cir. 2009); *Moses v. Sterling Commerce (America), Inc.*, 122 Fed.Appx. 177, 182 (6th Cir. 2005).

Unfortunately, the conduct of the defendants' counsel in this case has been less than faithful to these principles. The history of the case has shown that securing the defendants' cooperation in various aspects of discovery has been difficult, to say the least. The present dispute involves the attempts to schedule a number of depositions. Even those that have finally been scheduled have entailed problems, which have necessitated intervention by the court. In one instance, Officer Webb was to be deposed on September 20, 2011. An hour before the deposition, the defendants' counsel notified plaintiff's counsel that the deposition could not proceed because of an emergency involving a member of Webb's family. Of course, family emergencies trump everything. But by December 8, when the parties appeared in court, Webb's deposition had still not been rescheduled. I ordered that he sit for his deposition on December 15.

The parties had arranged for depositions of approximately seven other people including Officers Starks and Gethers. Starks was originally noticed to be deposed on September 27, 2011. Ninety minutes before Starks deposition was to proceed on January 4, 2012, it was canceled by defendants' lawyer, who gave no reason for the cancellation. No new date has been provided despite promises that counsel would come up with other dates. The excuse for the delay is that some undisclosed number of other lawyers – the lawyer appearing in Ms. Knapps' place today could not say with certainty, but he thought there might be one or two – who are apparently representing Starks in some other cases in which he has been sued, had to be consulted. None of them, however, are representing Starks in this case.

Officer Gethers was to be deposed by agreement on February 6, 2012. An hour and a half before his deposition, defendants' counsel canceled, claiming the deponent had to go out of town. According to the motion to compel, "this was the third time out of four depositions noticed by plaintiff that a City employee canceled at the very last minute." (*Motion* at 6).

The current motion to compel recounts the difficulties over a period of months the plaintiff's counsel has had in securing dates for depositions and contends that her efforts to schedule things have been met with intransigence on the part of the defendants' lawyer. The defendants' response essentially denies any wrongdoing or uncooperativeness. I need not resolve the conflict in the details, for the overall record shows that the plaintiff has been stymied and needlessly so in attempts to schedule depositions and that counsel for the defendants has plainly not been cooperative in the way and to the degree required by the Federal Rules of Civil Procedure. As a consequence, the depositions of Officers Starks and Gethers still have not been scheduled. And the fact that discovery has only a few more months to run does not justify what the defendants' lawyer has done.[1]

The defendants have offered March 7, 8, and 9 for Gethers' deposition, and provided no date for Starks. The excuse continues to be that there are other lawyers (whose numbers and names are not disclosed) who have to be consulted. Ms. Knapp's February 16 Response to the motion contents itself with saying: "To date, the deposition availability of these other attorneys [who are not identified by number or by name] remain [sic] outstanding, an extraordinary scenario that prevents the deposition of Starks from proceeding at present." But we are assured all is well, since "discovery does not close until May 14, 2012, three months away" and other depositions have been

---

[1] The delays in discovery necessitated a request to Judge Kendall for an extension of the discovery close date.

scheduled. (Response at 4). The only "extraordinary" thing about the situation is the Response's insouciance toward the situation.

Whatever else may be said about the Response, it is not a justification for what has occurred. First, these unnamed lawyers who are involved in some other unnamed cases are not of record in this case and do not have the right to participate in the deposition that the plaintiff's counsel has vainly been trying to schedule. And, so far as the Response to the Motion discloses, defendants' counsel has done nothing in the last six weeks to ascertain their availability – although it is irrelevant to scheduling Stark's deposition. In any event, the progress of this case cannot depend upon the scheduling of lawyers who are not Officer Stark's counsel here.

Where, as here, a lawyer causes an opponent to incur needless costs to secure compliance with discovery obligations, Rule 37 should not receive a grudging application, and sanctions should be awarded. "'The great operative principle of Rule 37(a)(4) is that the loser pays.' Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* § 2288 at 787 (1970). Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994)(Parenthesis in original). *See also Sambrano v. Mabus* 663 F.3d 879, 881-882 (7th Cir. 2011)("Sanctions such as orders to pay the other side's attorneys' fees may redress injuries done to put-upon adversaries...."); *United States Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2nd Cir.1983)("General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter 'other parties to other lawsuits' from flouting 'other discovery orders of other district courts.'").

Accordingly, Officer Gethers shall be deposed on March 7, 2012, at the office of plaintiff's counsel at 10:00 a.m., and Officer Starks shall be deposed on March 9, 2012 in the witness room adjacent to my courtroom beginning at 9:00 a.m. The plaintiff's motion for reasonable attorneys' fees incurred in connection with the bringing of this motion is granted. Those fees shall be payable promptly upon receipt of a request for payment by the plaintiff's counsel. The plaintiff is also awarded any court reporting costs incurred in connection with the cancellations of the prior depositions. Objections, if any, to the request for costs and fees, if otherwise warranted, may result in an additional award of fees.[2]

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE: 2/17/12**

---

[2] This is not to say that the objections may not be meritorious. It is simply to point out that the objections to am otherwise propr fee award and an otherwise proper request for reasonable fees is not immune from itself being sanctionable under one or more provisions of the Federal Rules of Civil Procedure or 28 U.S.C. §1927.