**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PHILIP SHEEHAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 4270 |
| | ) | |
| v. | ) | Judge Kendall |
| | ) | |
| CITY OF MARKHAM, et al., | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is a reverse discrimination case in which the plaintiff charges that the City of Markham, its Mayor, and its former Chief of Police discriminated against him because he is white and they are African American. The complaint charges the defendants with race discrimination and violation of equal protection and due process. This case is entering its third year, the complaint having been filed on July 9, 2010. The plaintiff was deposed more than a year ago, and fact discovery is scheduled to close on August 1, 2012. Now, on the eve of the close of discovery, the defendants have moved to compel the plaintiff to submit to a vocational interview and evaluation by a certified vocational rehabilitation counselor, pursuant to Rule 35(a)(1), Federal Rules of Civil Procedure. No reason is given for the delay, and there is no contention that the defendants were inhibited in any way from questioning the plaintiff at his deposition about his background, his skills, his education, his efforts to find other employment, the reasons why those efforts were unsuccessful, and any of the other matters specified in the motion that the motion says will be the area of inquiry by the vocational expert.

The motion alleges that the plaintiff is seeking damages "as a result of his inability to find comparable, suitable employment." This, the motion contends, has resulted in the plaintiff's having "placed his ability to find suitable, alternate employment at issue in this matter...." (Motion at 2,

¶¶2-3). The motion concludes that, as a consequence, the plaintiff must submit to an examination to determine his skills and abilities to engage in gainful employment that utilizes those skills. (Motion at 3, ¶9). The motion quotes Rule 35(a)(1), but ignores its requirements and inherent limitations and cites not a single case.

The Federal Rules of Civil Procedure, which have the force of statutes, *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 392 (7th Cir. 2002), *cert. denied*, 540 U.S. 1068 (2003), are to be accorded "their plain meaning. . . and generally with them, as with a statute, '[w]hen we find the terms. . . unambiguous, judicial inquiry is complete. . . .'" *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123 (1989). The language of Rule 35 could scarcely be plainer. It authorizes a court to require party to submit to of a mental or physical examination regarding a "mental or physical condition" that is "in controversy." That is plainly not the case here, as the phrasing of the motion, itself, demonstrates.

What the plaintiff has placed in issue, according to the motion, is his inability to find comparable, suitable employment. (Motion at 2, ¶3). There is no allegation in the Complaint or in the motion that the plaintiff *cannot* work or that his inability to find employment stems from some disabling "physical or mental condition."[1] It is also a reasonable inference that the plaintiff made no such claim at his deposition. For if he had, the motion would have said so, and the deposition would have been attached as an exhibit to the motion. It was not. *Cf. Muhammad v. Oliver*, 547 F.3d 874, 877 (7th Cir. 2008) (Posner, J)("[I]f there is an executed standstill agreement, one would expect an allegation to that effect. There is none. The complaint's silence is deafening.").

---

[1] That would present a different question. *Cf., Aschermann v. Aetna Life Insurance. Co.,* _F.3d_, 2012 WL 3090291, 3 (7th Cir.2012)("In 2006 Aetna obtained an employability assessment report [on plaintiff who claimed inability to work due to pain and degenerative disk problems] comparable to the testimony of a vocational expert in a Social Security disability case.").

2

The defendants' own motion precludes the relief it seeks. In essence, all that is involved, according to the motion, is "whether or not plaintiff has satisfied his affirmative obligation to mitigate his own damages." (Motion at 2, ¶4). But in the absence of a claim that the failure to mitigate was the consequence of a "mental or physical condition in controversy," Rule 35 has no relevance, and the defendants have in effect "pled [themselves] out of court." *Cf., McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir.2006). As the motion makes clear, the only question is whether the plaintiff did or did not mitigate his damages. If he did not, he will be unsuccessful in his damage claim. *See generally R.R. Donnelley & Sons Co. v. Vanguard Transp. Systems, Inc.*, 641 F.Supp.2d 707 (N.D.Ill. 2009). But the claimed centrality of the mitigation issue to the defendants' damage theory does not by itself implicate Rule 35 in the slightest and most assuredly does not authorize the intrusive relief sought by the motion.

Finally, apart from the merits, the question raised by the motion has been waived given the nature of its presentation. This court's standing orders on its website regarding "Supporting Memoranda" provides that:

> All motions must be supported by memorandum, not to exceed 15 pages. See Local Rule 7.1. Alternatively, the motion may contain the principle argument and relevant authority that otherwise would comprise a supporting memorandum. Skeletal and unsupported arguments will not be considered and the argument will be deemed waived. *See, Perry v. Sullivan*, 207 F.3d 379, 383 (7th Cir. 2000); *American Family Mutual Insurance v. Roth*, 2007 WL 2410074 at *2 (N.D.Ill. 2007)(collecting cases); *McWilliams v. McWilliams*, 2006 WL 3775952 (N.D.Ill. 2006)(collecting cases).

This requirement is dictated by the most basic principles of our adversarial system, *cf., Kyles v. J.K. Guardian Sec. Services,* 236 F.R.D. 400, 402 (N.D.Ill. 2006), and by the Seventh Circuit's consistently followed rule that unsupported presentations result in a waiver. *See e.g.*, *MMG Financial Corp. v. Midwest Amusements Park, LLC,* 630 F.3d 651, 659 (7th Cir.2 011); *Long–Gang*

*Lin v. Holder,* 630 F.3d 536, 543 (7th Cir.2010); *Woolard v. Woolard,* 547 F.3d 755, 760 (7th Cir. 2008); *Argyropoulos v. City of Alton,* 539 F.3d 724, 739 (7th Cir.2008); *United States v. McLee,* 436 F.3d 751, 760 (7th Cir.2006).

When it was pointed out to the defendants' lawyers at the hearing that they had not cited a single case – a point made by the plaintiff's response to the motion, *id.* at 4, ¶9 – they responded by saying that there were pertinent cases authorizing the requested relief. They had, however, no explanation for why the supposed cases were not included in the motion or provided to the plaintiff. Obviously, authority that is withheld from the court and from the party objecting to the motion does not count. Not only does withholding pertinent authority until a hearing is underway make frustrate the court's attempt to be prepared, thereby affecting the quality of decision-making, it results in the sandbagging of one's opponent, which in all its forms is forbidden. *See Stern v. Marshall*, _U.S._, 131 S.Ct. 2594, 2608 (2011); *United States v. Schalk*, 515 F.3d 768, 76 (7th Cir. 2008); *Otto v. Variable Annuity Life Insurance. Co.*, 134 F.3d 841, 854 (7th Cir. 1998); *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir. 1996).

When the defendants' failure to cite a single case was raised at the hearing, their counsel offered to supplement their presentation. But, "[m]otion practice is not a series of trial balloons where you [submit] what you think is sufficient, [you] see how it flies, and if it does not, you go back and try again. If that is the way the system worked we would have motion practice going on forever." *Hantzel 'N Gretel Brand, Inc. v. Savitsky*, 1997 WL 698179 (S.D.N.Y. 1997).

Finally, if it be true that "'[t]he soundness of a conclusion may not infrequently be tested by its consequences,'" Posner, Cardozo: A Study in Reputation, 118 (1990); *see also University of Pennsylvania v. E.E.O.C.,* 493 U.S. 182, 194 (1990), the defendants' conclusion about the meaning

4

of Rule could scarcely be more unsound. Under the defendants' interpretation of the Rule, in any case in which a plaintiff claims damages from loss of employment and lack of success in finding another job, the plaintiff would be required to submit to an examination by a vocational expert, the purpose of which would be to "assess[ ] plaintiff's skills and abilities to engage in work... either in the public sector or private sector, or in some other type of gainful employment that utilizes any and all skills that [the vocational expert] determines the plaintiff possesses." (Motion at 3, ¶9). How that sort of expansive relief, unmoored to the existence of a "mental or physical condition in controversy" squares with the text of Rule 35 the motion does not explain. Instead, the motion simply contents itself with the *ipse dixit* that such a result is perfectly consistent with the text and intent of the Rule. "[U]nfortunately... saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir. 2010).

In short, the defendants' interpretation of Rule 35 does not withstand analysis and requires for its acceptance ignoring the uncompromisingly plain language of the Rule. This is not to say that the testimony of a vocational expert that qualifies under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Rule 401, Federal Rules of Evidence, may not well be admissible in a case like this.[2] It is merely to hold that the plaintiff in this case cannot on the present record be compelled under Rule 35 to submit to the examination proposed by the defendants. It is important to note that the same information sought by the requested examination in this case could have been obtained from the plaintiff during his deposition and could serve as the basis for the expert's testimony. *See* Rule 703, Federal Rules of Evidence. Significantly, no claim is made that the defendants were precluded from pursuing this line of inquiry at the plaintiff's deposition.

---

[2] This is not to hold however that it is.

The defendants' motion to compel the plaintiff to submit to a vocational assessment and evaluation [#154] is denied.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

DATE: 8/7/12